**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Leedarson America, Inc., Leedarson Lighting Co., Ltd., and Leedarson IoT Technology (Thailand) Co., Ltd. <br><br> Plaintiffs, <br><br> vs. <br><br> DS Advanced Enterprises, Ltd. <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**OF PATENT NONINFRINGEMENT AND INVALIDITY**

Plaintiffs Leedarson America, Inc. ("Leedarson America"), Leedarson Lighting Co. ("Leedarson Lighting"), and Leedarson IoT Technology (Thailand) Co., Ltd. ("Leedarson IoT Thailand") (collectively, "Leedarson"), by and through its attorneys, file this Complaint against DS Advanced Enterprises, Ltd. ("DSAE") as follows:

**NATURE OF ACTION**

1.     This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 12,359,783 (the "'783 patent") and 11,054,118 (the "'118 patent") (collectively, the "Patents-In-Suit," attached as Exhibits 1-2,

respectively) against DSAE, pursuant to the Declaratory Judgment Act, 28 U.S.C §§ 2201-02, and the patent laws of the United States, 35 U.S.C. § 100 et seq., and for other relief the Court deems just and proper.

2.     Leedarson requests this relief because DSAE has filed a complaint in the Southern District of Ohio ("S.D. Ohio"), Civil Action No. 2:26-cv-00045 against The Home Depot, Inc., Home Depot U.S.A., Inc., and Home Depot Investment Management (Shanghai) Co., Ltd. (collectively, "Home Depot"), claiming that Leedarson and/or certain products (the "Accused Products, identified below) which are manufactured and/or sold by Leedarson infringe the Patents-In-Suit. A true and correct copy of DSAE's complaint against Home Depot, which names Leedarson Lighting as a manufacturer of the Accused Products, is attached as Exhibit 3 ("S.D. Ohio Complaint"). A true and correct copy of DSAE's July 18, 2025 demand letter to Home Depot, which names Leedarson America as a manufacturer of the Accused Products, is attached as Exhibit 4.  Although not referenced in the S.D. Ohio Complaint, Leedarson IoT Thailand manufactures the Accused Products.  DSAE did not name Leedarson as a Defendant in its S.D. Ohio Complaint, and instead only filed suit in S.D. Ohio against Home Depot. However, in its Complaint, DSAE claims that the making, using, importing, advertising, offering for sale and selling Home Depot SKU#1011028804 Model: NJ03a4IN3in1-W, and SKU# 1011028805 Model: NJ03a6IN3in1-W (the "Accused Products,"), at least some of which are

2

manufactured and/or sold by Leedarson, infringe the Patents-In-Suit. These devices include lighting products and fixtures.

3.    An actual and justiciable controversy therefore exists under 28 U.S.C. §§ 2201-2202 between DSAE and Leedarson as to whether Leedarson is infringing or has infringed the Patents-In-Suit and whether the Patents-In-Suit are valid.

## THE PARTIES

4.    Plaintiff Leedarson America is a corporation organized and existing under the laws of the State of Georgia. Its principal place of business is headquartered in the State of Georgia at 300 Technology CT, Suite 100, Smyrna, Georgia 30082.

5.    Plaintiff Leedarson Lighting is a corporation organized and existing under the laws of China. Its principal place of business is headquartered in the People's Republic of China at Unit 701, 7F, No. 1511, Second Fanghu North Road, Xiamen 361010, People's Republic of China.

6.    Plaintiff Leedarson IoT Thailand is a corporation organized and existing under the laws of Thailand at 71 Moo 5, Bang Samak, Bang Pakong District, Chachoengsao 24130, Thailand.

7.    Upon information and belief, Defendant DSAE is a corporation organized and existing under the laws of Ontario, Canada. DSAE has a principal place of business at 34 Park Court, Niagara-on-the-Lake, ON L0S 1J0, Canada.

8.    Upon information and belief, DSAE designs and sells, in the United States and worldwide, their patented lighting fixtures, which are sold through manufacturers and/or by contacting DSAE through their website: *See*, *e.g.*, https://www.dsaent.com.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

10.    This Court has personal jurisdiction over DSAE because DSAE has directed and continues to direct acts to this District, including acts pertaining to the Patents-In-Suit.

11.    On information and belief, DSAE sells or offers to sell its products through its website at https://www.dsaent.com, including in this District. Moreover, DSAE has enforced its patents, including the '118 Patent at issue here, in the Northern District of Georgia. *See DS Advanced Enterprises, Ltd. v. Cooper Lighting, LLC et al*. 5-23-cv-02603 (NDGA, filed December 21, 2023). Although DSAE initially filed that lawsuit in the Central District of California, it was transferred to this Court after the defendants in that case (including Home Depot, the same defendant in the S.D. Ohio Complaint) argued that the "center of gravity" of the

4

alleged infringement occurred in this District because it is where the Accused Products were developed, marketed, and tested. *See Id*., Dkt 73, at 6–8. The same is true here. DSAE's S.D. Ohio Complaint names The Home Depot, Inc. and Home Depot U.S.A., Inc. as defendants, which have a principal place of business in Atlanta, GA. Moreover, Plaintiff Leedarson America has a principal place of business in Smyrna, GA. DSAE's S.D. Ohio Complaint therefore target products offered for sale or sold by parties established in the Northern District of Georgia.

12.    Thus, Defendant DSAE has more than sufficient minimum contacts with this District and availed itself to this forum and the benefits of Georgia law by previously enforcing its patent rights here, has and having continuous and systematic contacts within the State of Georgia, including this District, by purposefully directing its business activities into and in this District. Additionally, a substantial part of the events giving rise to the claims alleged in DSAE's Complaint occurred here because the Accused Products are offered for sale or sold by parties established in this District. For the foregoing reasons, this Court has personal jurisdiction over DSAE and venue is proper. This declaratory judgment action meets the requirements of Georgia's long-arm statute and the U.S. Constitution's due process clause.

13.    A substantial controversy of sufficient immediacy and reality exists between the parties to warrant the issuance of a declaratory judgment. DSAE has filed a complaint in the Southern District of Ohio alleging that Leedarson and

5

products it manufactures and/or sells directly and indirectly infringe claims of each of the Patents-In-Suit through the making, using, importing, advertising, offering for sale and selling within the United States after importation of the Accused Products. Exhibit 3 at ¶¶ 69-70 (naming Lighting Co., Ltd.), 77–93, 95–107, 109, Prayer for Relief, ¶ 2; Exhibit 4 at 2 (Ex. 8 to S.D. Ohio Complaint, Demand Letter) (naming Leedarson America, Inc.). Leedarson denies infringement of the claims of the Patents-In-Suit and asserts the Patents-In-Suit are invalid.

## FACTUAL BACKGROUND

## PATENTS-IN-SUIT

14.    U.S. Patent No. 12,359,783 (the "'783 Patent"), entitled "System and apparatus to attach a light fixture to one of a ceiling, a recessed lighting fixture housing, or an outlet box or a junction box," and attached hereto as Exhibit 1, states on its cover that it was issued on July 15, 2025 to named inventor David Sherman of Thornhill, Canada. The '783 Patent also lists DSAE of Ontario, Canada as the initial assignee. On information and belief, the '783 Patent is currently assigned to DSAE.

15.    U.S. Patent No. 11,054,118 (the "'118 Patent"), entitled "Apparatus to detachably attach LED light fixture to ceiling or recessed lighting fixture housing," and attached hereto as Exhibit 2, states on its cover that it was issued on July 6, 2021 to named inventor David Sherman of Thornhill, Canada. The '118 Patent does not

list an initial assignee. On information and belief, the '118 Patent is currently assigned to DSAE.

## DISPUTE BETWEEN LEEDARSON AND DSAE

## CONCERNING THE PATENTS-IN-SUIT

16.    On January 14, 2026, DSAE filed the S.D. Ohio Complaint alleging products Leedarson manufactures and/or sells purportedly infringe certain claims of the Patents-In-Suit. *E.g.*, Ex. 3 at ¶¶ 7 (identifying the Accused Products), 69-70 (naming Leedarson Lighting Co., Ltd.), 77–93, 95–107, 109, Prayer for Relief, ¶ 2; Ex. 4 at 2 (naming Leedarson America, Inc.). DSAE's S.D. Ohio Complaint alleges that the Accused Products purportedly infringe "directly and indirectly." Ex. 3 at ¶¶ 77–93, 95–107, 109. The S.D. Ohio Complaint further requests:

> an injunction and permanently enjoining Home Depot and their employees, agents, officers, servants, directors, attorneys, successors, affiliates, subsidiaries, and assigns, **and all of those in active concert and participation with any of the foregoing persons or entities** from infringing the DSAE's Patents, **including all making**, using, importing, advertising, offering for sale and selling the Accused Products on any online shopping platforms, any online sales platform, **as well as others distributing or selling the Accused Products** to the public and/or retailers, permanently remove from their respective platforms any and all sales pages illustrating, featuring, mentioning, selling, offering for sale the Accused Products, or any other relevant products, pursuant to 35 U.S.C. §283 . . . .

Ex. 3, Prayer for Relief, ¶ 2 (emphasis supplied).

7

17. Accordingly, an actual and justiciable controversy exists between Leedarson and DSAE concerning whether Leedarson infringes one or more claims of any of the Patents-In-Suit. Leedarson now seeks a declaratory judgment that Leedarson does not infringe the claims of the Patents-In-Suit.

## FIRST CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

## OF THE '783 PATENT

18. This is a claim for declaratory judgment of non-infringement of the '783 Patent. Leedarson hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. DSAE claims to be the sole owner of the '783 Patent. Ex. 3 at ¶ 2.

20. In its S.D. Ohio Complaint, DSAE identifies Accused Products that Leedarson manufactures and/or sells. Ex. 3 at ¶¶ 7, 69; Ex. 4 at 2. It further alleges that "[e]ach element of each claim of the '783 Patent is present in each Accused Product, either literally or by equivalents." Ex. 3 at ¶ 78. In its prayer for relief, DSAE seeks an injunction enjoining Home Depot, its affiliates, and "all of those in active concert and participation" from "infringing the DSAE's Patents, including all making, using, importing, advertising, offering for sale and selling the Accused

8

Products . . . as well as others distributing or selling the Accused Products to the public and/or retailers . . . ." Ex. 3, Prayer for Relief, ¶ 2.

21.     Leedarson and the Accused Products do not include, practice, induce others to practice, or contribute to others practicing at least the following limitations of the claims of the '783 Patent: "an apparatus, comprising: a light source attachable to, and detachable from, a mounting surface in at least three different scenarios;" "a body to which the light source is attached, wherein a wire extends into or out of the body for connecting, directly or indirectly, to a supply wire for supplying electricity for the light source that is attached to the body," "a plurality of first clips connectable to the body for attaching the light source to the mounting surface when, in a first scenario of the at least three different scenarios, an existing recessed lighting fixture housing is available at the mounting surface;" "a plurality of second clips, that is different than the plurality of first clips, connectable to the body for attaching the light fixture to the mounting surface when, in a second scenario of the at least three different scenarios, a recessed lighting fixture housing is not present at the mounting surface, wherein a portion of the mounting surface is arranged between the plurality of second clips and an extremity of the body when securing the light fixture to the mounting surface and the recessed lighting fixture housing is not present at the mounting surface;" "one or more mounting attachments connectable to the body for attaching the light fixture to the mounting surface when, in a third scenario of the at

9

least three different scenarios, an existing outlet box or existing junction box is present at the mounting surface; wherein the one or more mounting attachments connect to the existing outlet box or the existing junction box when securing the body to the mounting surface and the existing outlet box or the existing junction box is present at the mounting surface;" and "a junction box that is connectable to the body for containing an electrical component and wire connection within the junction box when the junction box is attached to the body, wherein the wire connection includes a connection of the wire that extends into or out of the body, and wherein the junction box is attached to the body and extends through the mounting surface with the plurality of first clips, or with the plurality of second clips, when the junction box is utilized in one or more scenarios of the at least three different scenarios."

22.    An actual and justiciable controversy therefore exists between Leedarson and DSAE regarding whether any of the Accused Products have infringed any of the asserted claims of the '783 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '783 Patent.

23.    Leedarson seeks a judgment declaring that Leedarson does not directly or indirectly infringe any asserted claims of the '783 Patent, either literally or under the doctrine of equivalents.

## SECOND CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '783 PATENT

24.     This is a claim for declaratory judgment of invalidity of the '783 Patent. Leedarson hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Leedarson and DSAE concerning invalidity of the '783 Patent, at least because of DSAE's infringement claims against Leedarson and certain products manufactured and/or sold by Leedarson, as previously described.

26.     One or more of the claims of the '783 Patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 101, 102, 103, and/or 112. For example, one or more of the claims of the '783 Patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 over at least one or more prior art references.

27.     Under 28 U.S.C. §§ 2201 and 2202, Leedarson is entitled to a declaratory judgment that the claims of the '783 Patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 101, 102, 103, and/or 112.

11

## THIRD CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

## OF THE '118 PATENT

28. This is a claim for declaratory judgment of non-infringement of the '118 Patent. Leedarson hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. DSAE claims to be the sole owner of the '118 Patent. Ex. 3 at ¶ 3.

30. In its S.D. Ohio Complaint, DSAE identifies Accused Products that Leedarson manufactures and/or sells. Ex. 3 at ¶¶ 7, 69. It further alleges that "[e]ach element of each claim of the '118 Patent is present in each Accused Product, either literally or by equivalents." Ex. 3 at ¶ 96. In its prayer for relief, DSAE seeks an injunction enjoining Home Depot, its affiliates, and "all of those in active concert and participation" from "infringing the DSAE's Patents, including all making, using, importing, advertising, offering for sale and selling the Accused Products . . . as well as others distributing or selling the Accused Products to the public and/or retailers . . . ." Ex. 3, Prayer for Relief, ¶ 2.

31. Leedarson and the Accused Products do not include, practice, induce others to practice, or contribute to others practicing at least the following limitations of the claims of the '118 Patent: "An apparatus to detachably attach an LED light

12

fixture to at least one of a ceiling, and a recessed lighting fixture housing, the apparatus comprises:" "a plurality of retrofit clips (102) adaptable to attach with a body of the LED light fixture by screwing them into a plurality of screw holes (110);" "a plurality of new construction clips (104);" "a plurality of connecting posts (106) to hold the new construction clips (104);" "a metal housing (108) to embody a complete fixture (112);" "a junction box (116) to hold a plurality of connection wirings, wherein the junction box (116) comprises a plurality of output wires;" and "a twist connector (118) to attach the output wires of the junction box (116) to the metal housing (108), wherein the retrofit clips (102) make a friction fit inside the recessed lighting fixture housing to secure the complete fixture (112) inside, wherein the new construction clips (104) are attached to the connecting posts (106) if the recessed lighting fixture housing is not present."

32. An actual and justiciable controversy therefore exists between Leedarson and DSAE regarding whether any of the Accused Products have infringed any of the asserted claims of the '118 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '118 Patent.

33. Leedarson seeks a judgment declaring that Leedarson does not directly or indirectly infringe any asserted claims of the '118 Patent, either literally or under the doctrine of equivalents.

13

## FOURTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '118 PATENT

34.     This is a claim for declaratory judgment of invalidity of the '118 Patent. Leedarson hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Leedarson and DSAE concerning invalidity of the '118 Patent, at least because of DSAE's infringement claims against Leedarson and certain products manufactured and/or sold by Leedarson, as previously described.

36.     One or more of the claims of the '118 Patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 101, 102, 103, and/or 112. For example, one or more of the claims of the '118 Patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 over at least one or more prior art references.

37.     Under 28 U.S.C. §§ 2201 and 2202, Leedarson is entitled to a declaratory judgment that the claims of the '118 Patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Leedarson prays for judgment as follows:

14

A.      Declaring that Leedarson does not directly or indirectly infringe any claim of the '783 Patent, either literally or under the doctrine of equivalents;

B.      Declaring that the claims of the '783 Patent are invalid or unenforceable;

C.      Declaring that Leedarson does not directly or indirectly infringe any claim of the '118 Patent, either literally or under the doctrine of equivalents;

D.      Declaring that the claims of the '118 Patent are invalid or unenforceable;

E.      Declaring that judgment be entered in favor of Leedarson and against DSAE on Leedarson's claims;

F.      Preliminarily and permanently enjoining DSAE from asserting that Leedarson or its officers, agents, representatives, stockholders, and/or customers infringe any of the claims of Patents-In-Suit;

G.      Preliminarily and permanently enjoining DSAE from bringing suit against Leedarson or its officers, agents, representatives, stockholders, and/or customers, for infringement of any claims of the Patents-In-Suit;

H.      Order that this case is "exceptional" pursuant to 35 U.S.C. § 285 entitling Leedarson to an award of its reasonable and necessary attorneys' fees, expenses, and costs, and pre-judgment interest thereon;

I.      Order awarding Leedarson its costs of suit incurred in this action; and

J.      Granting to Leedarson such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Leedarson demands a jury

trial on all issues and claims so triable.

DATED: April 2, 2026                    By:  **Lisa Pach**

Lisa Pach (Georgia Bar No. 268428)
John Caracappa (pro hac vice to be filed)
Stanley Kuo (pro hac vice to be filed)
Katherine Cappaert (pro hac vice to be filed)
Attorneys for Plaintiffs Leedarson Lighting
Co., Leedarson America, Inc., and Leedarson
IoT Technology (Thailand) Co., Ltd.

Steptoe LLP
330 Connecticut Ave NW
Washington, DC 20036
Telephone: (202) 429-3000
lpach@steptoe.com
jcaracappa@steptoe.com
skuo@steptoe.com
kcappaert@steptoe.com

16