# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Leedarson America, Inc., Leedarson Lighting Co., Ltd., and Leedarson IoT Technology (Thailand) Co., Ltd.<br><br>        Plaintiffs,<br><br>vs.<br><br>DS Advanced Enterprises, Ltd.<br>                Defendant. | Case No.: 1:26-cv-01777-ELR<br><br>**NOTICE OF PROOF OF SERVICE OF PROCESS** |

## NOTICE OF PROOF OF SERVICE OF PROCESS

In accordance with Fed. R. Civ. P. 4(l), Plaintiffs Leedarson America, Inc., Leedarson Lighting Co., Ltd., and Leedarson IoT Technology (Thailand) Co., Ltd. (collectively, "Plaintiffs" or "Leedarson") hereby submit this Notice of Proof of Service of Process and confirms service on Defendant DS Advanced Enterprises, Ltd. ("Defendant" or "DSAE"), as described in the attached Affidavit of Proof of Service (Exhibit 1).

Defendant is a Canadian entity with a registered office address of 34 Park Court, Niagara-on-the-Lake, ON L0S 1J0, Canada (Exhibit 2.)  This is consistent with what Defendant has indicated in its own complaint against Home Depot.  Dkt. 1-3 (Defendant's Complaint against Home Depot), ¶ 28.

Canada is a contracting country to the Hague Service Convention.[1]  The Hague Service Convention allows service through each country's Central Authority, which then arranges for service.[2]  Article 10 of the Hague Service Convention also allows for alternative service that bypasses the Central Authority.  These alternative service methods include through "postal channels" (Article 10(a)) and through process servers (Articles 10(b) and (c)).  Canada has not objected to Article 10 of the Hague Service Convention.[3]

Plaintiff initially arranged for service through process server on or around April 2, 2026.  The process server attempted to personally serve Defendant with the issued summons, complaint, and other related documents on April 7, April 9, and April 12, but was unsuccessful.  (Exhibit 3.)  Each time, the process server left a calling card on the door handle, but by April 13, 2026, had not received a call. (Exhibit 3.)

On April 14, Plaintiff arranged for service through postal channels. (Exhibit 4.)  Plaintiff originally shipped the issued summons, complaint, and other related documents through FedEx with signature required.  However, FedEx was unable to obtain a signature when it attempted at 3:01 on April 15 and 3:23 on April 16.

---

[1] https://www.hcch.net/en/instruments/conventions/status-table/?cid=17

[2] *See* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17

[3] *See* https://www.hcch.net/index.cfm?oldlang=en&act=authorities.details&aid=248.

(Exhibit 4.)  Plaintiff therefore instructed FedEx to leave the package at the door, which it did on April 17.  (Exhibit 5.)

On April 16, Plaintiff also arranged for service through FedEx without signature required, and FedEx delivered the issued summons, complaint, and other related documents on April 17.  (Exhibit 1.)  The attached Affidavit of Proof of Service describes this service.

Therefore, service on Defendant was completed on April 17 pursuant to Fed. R. Civ. P. 4(f)(1) and Article 10(a) of the Hague Service Convention.

Dated: April 21, 2026

*/s/ Katherine D. Cappaert*_____

Lisa Pach (Georgia Bar No. 268428)
John M. Caracappa (admitted *pro hac vice*)
Stanley Kuo (admitted *pro hac vice*)
Katherine D. Cappaert (admitted *pro hac vice*)
Attorneys for Plaintiffs Leedarson Lighting Co., Leedarson America, Inc., and Leedarson IoT Technology (Thailand) Co., Ltd.

STEPTOE LLP
1330 Connecticut Avenue NW
Washington, D.C. 20036
Telephone: (202) 429-3000
Facsimile:  (202) 429-3902
lpach@steptoe.com
jcaracappa@steptoe.com
skuo@steptoe.com
kcappaert@steptoe.com

Jay L. Strongwater (Georgia Bar No. 688750)
Attorney for Plaintiffs Leedarson Lighting Co., Leedarson America, Inc., and Leedarson IoT Technology (Thailand) Co., Ltd.

Strongwater & Associates, LLC
Tower Place
3340 Peachtree Road
Suite 2570
Atlanta, Georgia 30326
Telephone: (404) 872-1700
Facsimile: (404) 881-8040
jls@strongh2o.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) double-spaced between lines and prepared in 14-point Times New Roman type font.

This 21st day of April, 2026.

/s/ Katherine D. Cappaert
Katherine D. Cappaert

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing has been filed on April 21, 2026 using the Court's CM/ECF system and has been served via CM/ECF system on all counsel of record.

/s/ Katherine D. Cappaert
Katherine D. Cappaert