# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| LEEDARSON AMERICA, INC., LEEDARSON LIGHTING CO., LTD., and LEEDARSON IOT TECHNOLOGY (Thailand) Co., Ltd.<br><br>Plaintiffs,<br><br>vs.<br><br>DS ADVANCED ENTERPRISES, LTD.<br>Defendant. | Civil Action No.<br><br>1:26-cv-01777-ELR |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................1

II.  FACTUAL BACKGROUND.................................................................2

III.  LEGAL STANDARD ..........................................................................4

    A.  Motion to Stay................................................................................ 4

    B.  Motion to Dismiss ......................................................................... 5

IV.  ARGUMENT.......................................................................................6

    A.  DSAE's Motion to Stay Should Be Denied Because the Customer-Suit Exception Applies Here ......................................................... 6

        1.  Leedarson, as Home Depot's sole manufacturer of the Accused Products, possesses the technical knowledge and documentary evidence required to resolve the major issues.6

        2.  Traditional stay factors do not support a stay: DSAE's hardship is self-imposed, and this forum is the most efficient and convenient to resolve the core dispute. ............................... 9

    B.  DSAE Waived Personal Jurisdiction By Not Previously Challenging It, And Jurisdiction Is Proper Given DSAE's Enforcement Activities............................................................... 10

        1.  DSAE waived personal jurisdiction by omitting it from its first Rule 12 motion.......................................................... 11

        2.  DSAE's in-person presentations and targeting of companies based here establish jurisdiction. ................................. 12

    C.  There Is a Justiciable Controversy Because DSAE Accused Leedarson's Products and Seeks Relief Reaching Manufacturers ................................................................................................ 17

    D.  The FAC Easily Satisfies Rule 8 Because It Provides Detailed Invalidity Theories and Fair Notice of All Claims............................ 20

        1.  Pleading invalidity requires only fair notice.......................... 20

        2.  Leedarson's descriptions of prior art exceed fair notice..... 22

**3.** **The § 101 and § 112 allegations satisfy fair notice**................ 24

**4.** **DSAE has fair notice of Leedarson's other claims.** ............... 25

**V.** **CONCLUSION** ........................................................................**25**

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Adair v. Boat Dock Innovations, LLC*,
    No. 1:12-CV-1930-SCJ, 2013 WL 1859200
    (N.D. Ga. Feb. 27, 2013) ...................................................................20

*Anthem Sports, LLC v. Under the Weather, LLC*,
    320 F. Supp. 3d 399 (D. Conn. 2018)................................................22

*Arris Grp., Inc. v. Brit. Telecommunications PLC*,
    639 F.3d 1368 (Fed. Cir. 2011) .........................................................18

*Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*,
    687 F.3d 1266 (Fed. Cir. 2012) .........................................................24

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................5

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
    21 F.3d 1558 (Fed. Cir. 1994) ...........................................................16

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) ............................................................21

*CGHH, LLC v. Cesta Punta Deportes, S.A. de C.V.*,
    No. 1:05-CV-1343-RWS, 2006 WL 8430970
    (N.D. Ga. Mar. 31, 2006)...................................................................11

*Chaparro v. Carnival Corp.*,
    693 F.3d 1333 (11th Cir. 2012) .....................................................6, 24

*Codex Corp. v. Milgo Elec. Corp.*,
    553 F.2d 735 (1st Cir. 1977)................................................................8

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*
    593 F.3d 1249 (11th Cir. 2010) .........................................................12

*Dileng v. Comm'r of Internal Revenue Serv.*,
    157 F. Supp. 3d 1336 (N.D. Ga. 2016)..............................................13

*DS Advanced Enters., Ltd. v. Cooper Lighting, LLC*,
No. CV 5:23-02603-JAK, 2024 WL 5260939
(C.D. Cal. Nov. 20, 2024)..............................................................................8

*E-Link Plastic & Metal v. Mossime*,
No. 23 CV 16802, 2024 WL 5444302 (N.D. Ill. Dec. 2, 2024).........................22

*Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*,
No. 1:10-CV-3008-AT, 2011 WL 5829674
(N.D. Ga. Aug. 1, 2011) ...............................................................................20

*Harrison v. Benchmark Elecs. Huntsville, Inc.*,
593 F.3d 1206 (11th Cir. 2010) ......................................................................5

*Herman v. Wachovia Bank, N.A.*,
No. 1:08-CV-3850-CAP, 2012 WL 12943047
(N.D. Ga. Mar. 29, 2012)..............................................................................11

*Hi-Tech Pharm. Inc. v. Dynamic Sports Nutrition, LLC*,
No. 1:16-CV-949-MHC, 2016 U.S. Dist. LEXIS 192935
(N.D. Ga. Dec. 28, 2016)..............................................................................12

*Hi-Tech Pharms. Inc. v. Dynamic Sports Nutrition, LLC*,
No. 1:16-CV-949-MHC, 2016 WL 9454418
(N.D. Ga. Dec. 28, 2016).................................................................10, 20, 22

*Inamed Corp. v. Kuzmak*,
249 F.3d 1356 (Fed. Cir. 2001) .....................................................................12

*Jones v. Pulte*,
No. 1:23-CV-01228-SEG, 2024 WL 2729713
(N.D. Ga. Mar. 27, 2024)..............................................................................13

*Katz v. Lear Siegler, Inc.*,
909 F.2d 1459 (Fed. Cir. 1990) .....................................................................5,7

*Kitchinventions, LLC v. Walmart Inc.*,
No. 21-82068-CV, 2022 WL 19266370 (S.D. Fla. Apr. 27, 2022).................5, 7

*Microsoft Corp. v. DataTern, Inc.*,
755 F.3d 899 (Fed. Cir. 2014) .......................................................................19

*In re Nintendo of Am., Inc.*,
   756 F.3d 1363 (Fed. Cir. 2014) ........................................................5, 7

*PetEdge, Inc. v. Marketfleet Sourcing, Inc.*,
   No. CV 16-12562-FDS, 2017 WL 2983086
   (D. Mass. July 12, 2017)..................................................................22

*Philips Med. Sys. (Cleveland), Inc. v. Buan*,
   No. 19 CV 2648, 2021 WL 83736 (N.D. Ill. Jan. 11, 2021) ..............................13

*SanDisk Corp. v. STMicroelectronics, Inc.*,
   480 F.3d 1372 (Fed. Cir. 2007) ........................................................17

*Shunock v. Apple, Inc.*,
   738 F. Supp. 3d 371 (S.D.N.Y. 2024) ........................................................22, 23

*Shunock v. Apple, Inc.*,
   Case 1:23-cv-08598-JLR-SLC (Filed November 16, 2023), Dkt. 14
   (counterclaims without prior art attached)..........................................23

*Simmons v. Viar*,
   No. 1:23-CV-03300-JPB, 2024 WL 6980606
   (N.D. Ga. Dec. 27, 2024)..................................................................23

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017)..................................................................17

*The Beer Barrel, LLC v. Deep Wood Brew Prod., LLC*,
   No. 2:16-CV-00440-DN-BCW, 2016 WL 5936874 (D. Utah 2016).................22

*Trimble Inc. v. PerDiemCo LLC*,
   997 F.3d 1147 (Fed. Cir. 2021) ........................................................14

*Victaulic Co. v. Romar Supply, Inc.*,
   No. 1:13-CV-03788-WSD, 2015 WL 1257432
   (N.D. Ga. Mar. 18, 2015)..................................................................8

*Whetstone Indus., Inc. v. Yowie Grp., Ltd.*,
   No. 3:17-CV-1286-J-20JRK, 2018 WL 4194065
   (M.D. Fla. July 25, 2018)..................................................................13

*William Gluckin & Co. v. Int'l Playtex Corp.*,
   407 F.2d 177 (2d Cir. 1969) ........................................................8

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 .......................................................................................................15

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
    848 F.3d 1346 (Fed. Cir. 2017) ..........................................................................14

**Other Authorities**

5C Charles Alan Wright & Arthur R. Miller, Federal Practice &
    Procedure § 1388 (3d ed. 2004)...........................................................................11

Fed. R. Civ. P. 8(a)(1)–(3) .............................................................................................5

Fed. R. Civ. P. 12(g)(2).................................................................................................11

Fed. R. Civ. P. 12(h)(1)(A) ...........................................................................................11

Rule 4(k)(2)....................................................................................................................16

Rule 8 .................................................................................................................1, 20, 21

Rule 12(b)(1)...................................................................................................................17

Rule 12(b)(2)............................................................................................................11, 19

Rule 12(b)(6)..........................................................................................................4, 20, 25

## I.     <u>INTRODUCTION</u>

DSAE's[1] Motion to Stay or Dismiss Plaintiffs' First Amended Complaint ("FAC") ignores the facts and the law, both of which establish that this case should proceed in this jurisdiction. DSAE's request to stay should be denied because the customer-suit exception establishes that Leedarson's[2] case should proceed before Home Depot's. Leedarson is the sole manufacturer of the lighting products DSAE accused infringe the asserted patents (the "Accused Products"), possesses the most technical knowledge related to them, and Home Depot,[3] Leedarson's customer, has agreed to be bound by this action. Thus, this case is the most efficient way to decide noninfringement and invalidity. DSAE's dismissal arguments fare no better. DSAE purposefully directed enforcement activity to this District, including in-person visits, and should have anticipated suit here. DSAE also created a justiciable controversy by accusing Leedarson's products of infringing its patents and seeking relief against manufacturers. Thus, jurisdiction here is proper. Finally, DSAE's attacks on the merits of Leedarson's claims fail as the FAC more than satisfies Rule 8, providing detailed invalidity theories grounded in prior art and fair notice of all its claims.

---

[1] DS Advanced Enterprises, Ltd. ("DSAE" or "Defendant")
[2] Leedarson America, Inc., ("Leedarson America") Leedarson Lighting Co., Ltd., ("Leedarson Lighting") and Leedarson IoT Technology (Thailand) Co., Ltd. ("Leedarson Thailand") (collectively, "Plaintiffs" or "Leedarson")
[3] The Home Depot, Inc., Home Depot U.S.A., Inc., and Home Depot Investment Management (Shanghai) Co., Ltd. (collectively, "Home Depot")

Accordingly, DSAE's Motion should be denied.

## II.    FACTUAL BACKGROUND

Leedarson is a global original design manufacturer (ODM) specializing in designing and manufacturing lighting and smart home devices for other brands and retailers. Its customers include Home Depot, a large home improvement retailer founded in 1978 in Marietta, GA, and currently headquartered in Atlanta. Leedarson America is a company incorporated in Georgia that has a principal place of business in Smyrna, GA, enabling regular, in-person meetings with Home Depot in Smyrna.

DSAE is a Canadian company focused on consumer household products, including lighting, operating across North America. DSAE designs and sells lighting fixtures through manufacturers and/or its website. FAC, Dkt. 24, ¶¶ 8, 11. In 2019, DSAE "personally met with" and presented its lighting technology to Leedarson's customer Home Depot "in a series of meetings exploring a commercial relationship." DSAE's Mem. in Support of its Motion, Dkt 28-1 (hereinafter, "Br.") at 5; FAC, Ex. 3, ¶¶ 45–56; *See* Customer Suit,[4] Dkt. 25 at 5. These meetings included David Sherman from DSAE and Craig Brown, a Home Depot employee based in Atlanta at the time. FAC, Ex. 3, ¶¶ 46, 61; *See also* Cooper Lighting Case,[5] Dkt 1-1 at 124

---

[4] *DS Advanced Enterprises, Ltd. v. The Home Depot, Inc., et al.*, Civil Action No. 2:26-cv-00045 (SDOH, filed January 14, 2026)

[5] *DS Advanced Enterprises, Ltd. v. Cooper Lighting, LLC et al.*, 5-23-cv-02603 (CDCA and NDGA, filed December 21, 2023)

(LinkedIn for Craig Brown in "Greater Atlanta Area"). DSAE has not disputed that these meetings occurred in Atlanta. *See* Customer Suit, Dkt. 22 at 2 (alleging DSAE "gave presentations to a former Home Depot employee in Atlanta, Craig Brown"); Customer Suit, Dkt. 25. These meetings did not result in a commercial relationship.

In July 2025, DSAE sent a demand letter to Home Depot alleging that the Accused Products infringe U.S. Patent Nos. 12,359,783 (the "'783 patent") and 11,054,118 (the "'118 patent") (the "Patents-in-Suit"). FAC, Ex. 4. This letter names Leedarson America as the manufacturer of the Accused Products and recognizes it is based in Smyrna. *Id.* DSAE also participated in discussions with Home Depot and Leedarson regarding its allegations. FAC, Ex. 3, ¶¶ 69–73. DSAE then filed a patent infringement complaint against Home Depot in the Southern District of Ohio (the "Customer Suit"), identifying Leedarson Lighting as the manufacturer of the Accused Products. *Id*. It also identified the Accused Products as "being manufactured in Thailand," implicating Leedarson Thailand. *Id*. ¶ 18. DSAE does not name Leedarson as a defendant, but seeks relief against "those in active concert and participation with any of the foregoing persons or entities" including "others distributing or selling the Accused Products to the public and/or retailers," which would include Leedarson. FAC, Ex. 3, Prayer for Relief, ¶ 2. Accordingly, Leedarson filed the instant action seeking a determination that the Accused Products do not infringe the Patents-in-Suit and that the Patents-in-Suit are invalid. Dkt. 1.

3

DSAE initially moved to dismiss the Complaint on Rule 12(b)(6) grounds, alleging it failed to state a claim for noninfringement and invalidity. Dkt. 23. Out of an abundance of caution, Leedarson filed the FAC to add detailed allegations supporting both theories. FAC, Dkt. 24. DSAE then filed the instant motion, seeking to stay the case or, in the alternative, dismiss the FAC. Dkt. 28. In its second motion to dismiss, DSAE attacks the sufficiency of this Court's jurisdiction and Leedarson's invalidity claims. In response, Leedarson sought jurisdictional discovery into DSAE's 2019 in-person meetings and other patent enforcement activities in this District. Dkt. 29. This request remains pending.

Meanwhile, Home Depot has moved to transfer the Customer Suit to this District or, alternatively, to stay it pending the outcome here. Customer Suit, Dkt. 22. Home Depot argues that transfer is appropriate because all relevant U.S. witnesses and evidence are located in or near this District. *Id.* at 7–14. Alternatively, it seeks a stay under the customer-suit exception because Leedarson, as sole manufacturer of the Accused Products, is the "true defendant" and is more knowledgeable about the Accused Products, so litigating here will be more efficient. *Id.* at 15–19. Home Depot agrees to be bound by the outcome of this action. *Id.* at 2.

### III.    LEGAL STANDARD

#### A.    Motion to Stay

When a patentee sues a manufacturer's customer and "the manufacturer then

files an action of non-infringement or patent invalidity, the suit by the manufacturer generally take[s] precedence" while the customer suit is stayed. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). This is known as the "customer suit" exception to the "first to file" rule and exists to avoid "imposing the burdens of trial on the customer" because the manufacturer is the "true defendant." *Id.* Where the manufacturer's action would resolve the "major issues" of noninfringement and invalidity, it should proceed while the customer suit is stayed, as any customer-specific issues are best advanced or mooted by the manufacturer case. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). Courts consider whether (1) the customer is a reseller; (2) the customer agrees to be bound the manufacturer case; and (3) the manufacturer is the only source of the accused product. *Katz*, 909 F.2d at 1464; *Nintendo*, 756 F.3d 1363 at 1365; *Kitchinventions, LLC v. Walmart Inc.*, No. 21-82068-CV, 2022 WL 19266370, at *2–3 (S.D. Fla. Apr. 27, 2022).

### B.   <u>**Motion to Dismiss**</u>

Federal pleading requires only "a short and plain statement" of the claim. Fed. R. Civ. P. 8(a)(1)–(3). This requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007). To survive dismissal, a pleading "does not need detailed factual allegations" so long as the allegations provide more than labels and

conclusions and the pleading is "plausible on its face" such that there is "a reasonable expectation that discovery will reveal evidence." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). The facts in the complaint are taken as true and construed in the light most favorable to plaintiff. *See Id*. at 1335.

## IV.    ARGUMENT

### A.    DSAE's Motion to Stay Should Be Denied Because the Customer-Suit Exception Applies Here

DSAE argues that this case should be stayed pending the Customer Suit because that case was filed first and because traditional factors favor a stay. Br. At 7–14. But Leedarson is the sole manufacturer of the Accused Products and possesses necessary technical evidence required to resolve the major issues of noninfringement and invalidity. Thus, this case should proceed first under the "customer-suit" exception. Moreover, traditional stay factors do not support a stay in this case.

### 1.    Leedarson, as Home Depot's sole manufacturer of the Accused Products, possesses the technical knowledge and documentary evidence required to resolve the major issues.

Leedarson, as sole manufacturer, makes the Accused Products for Home Depot and filed this suit after DSAE accused Leedarson's products of patent infringement. Home Depot, as a mere "reseller," has agreed to be bound by the outcome of this case. S*ee* Customer Suit, Dkt. 22 at 2, 15–16, 22. Thus, under the customer-suit exception, this case most efficiently resolves the "major issues" of noninfringement and invalidity because Leedarson, as manufacturer, possesses the

6

majority of the technical knowledge and documentary evidence needed to determine these issues, and the three primary factors—customer is a reseller and has agreed to be bound, and manufacturer is sole manufacturer—that establish this case should proceed first are met. *Nintendo*, 756 F.3d 1363 at 1365; *Katz*, 909 F.2d at 1464; *See Kitchinventions,* No. 21-82068-CV, 2022 WL 19266370.

In asserting otherwise, DSAE raises two main reasons as to why the customer-suit exception should not apply. First, DSAE characterizes Home Depot as something more than a mere reseller, arguing there are willfulness issues in the Customer Suit that could not be resolved here. Second, DSAE argues this action does not involve multiple customers. Both arguments lack merit.

First, DSAE's Complaint focuses on sales and not manufacturing, (FAC, Ex. 3, E.g., ¶¶62, 67, 92, 93) which supports that Home Depot is a mere reseller. Even if Home Depot and Leedarson discussed the design of the Accused Products, Leedarson, not Home Depot, is better equipped to resolve the major issues in this case. Moreover, contrary to DSAE's assertions, which rely on irrelevant disclosures limited to insurance businesses, ███████████████████████████████ ██████████████████████████████, further reinforcing this point. *See* K. Cappaert Decl. ¶ 2. While DSAE may allege customer-specific willfulness issues, these are not "major issues" of noninfringement and invalidity and can be addressed later. *Katz*, 909 F.2d 1459 at 1464. Indeed, DSAE unsuccessfully raised this same

7

willfulness argument in the Cooper Lighting Case and lost as the Court stayed the retailer action and allowed the manufacturer action to proceed. Cooper Lighting Case, Dkt. 61 at 1. The Court explained that although willfulness issues may require additional discovery from the retailer defendants, the willfulness finding depended on the underlying infringement determination, which would involve an intensive technical analysis more efficiently resolved in the manufacturer suit. *DS Advanced Enters., Ltd. v. Cooper Lighting, LLC*, No. CV 5:23-02603-JAK (SHKX), 2024 WL 5260939, at *9 (C.D. Cal. Nov. 20, 2024). The same logic applies here; willfulness can be addressed later if needed.

DSAE's reliance on a purported "anti-multiplicity rationale" barring the customer-suit exception also fails. Br. at 10. *Nintendo* articulates no such explicit rationale; while it involved multiple customers, its analysis centered on whether the manufacturer is the "true defendant" and whether the manufacturer suit would be more efficient and convenient, including because, for example, the venue is more convenient for witnesses. *Nintendo*, 756 F.3d at 1365–1366. *Nintendo's* rationale applies here. Leedarson, as the sole manufacturer, is the "true defendant" who possesses technical knowledge and evidence of the Accused Products necessary for resolving noninfringement and invalidity, and much of the evidence and witnesses are in this District, so litigating here would be most efficient and convenient. Dkt. 22 at 7–15. Moreover, the customer-suit exception has been applied even where

8

there was only one customer, which supports applying it here. *See Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735 (1st Cir. 1977); *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177 (2d Cir. 1969).

DSAE also incorrectly argues that for the customer-suit exception to apply, the manufacturer suit must be "earlier-filed or simultaneously filed." Br. at 9. But the customer-suit exception is an "exception" to the first-to-file rule because it applies "[r]egardless of when an action is filed." *Victaulic Co. v. Romar Supply, Inc.*, No. 1:13-CV-03788-WSD, 2015 WL 1257432, at *3 (N.D. Ga. Mar. 18, 2015).

Here, the customer-suit exception applies, and this case should proceed.

> **2.    Traditional stay factors do not support a stay: DSAE's hardship is self-imposed, and this forum is the most efficient and convenient to resolve the core dispute.**

DSAE argues that the traditional stay factors (prejudice to the non-movant, simplification of the issues, whether discovery is complete, and whether a trial date has been set) favor a stay and focuses on the first factor of prejudice. DSAE argues a stay is warranted because there would be no prejudice to Leedarson, while DSAE would have to maintain parallel litigation. Br. at 13–14. But Leedarson would be prejudiced as it would be subject to third-party discovery in a foreign jurisdiction as opposed to being in control of the litigation in its home jurisdiction. Moreover, DSAE's hardship is self-imposed. Under the well-recognized customer-suit exception laws, DSAE should stay the Customer Suit and litigate here, especially in

view of Home Depot's representation that it will be bound by this action. Instead, DSAE has opposed, increasing litigation burden for all parties involved.

DSAE also ignores that litigating here is more efficient given the location of relevant witnesses and evidence and Leedarson's knowledge of the Accused Products. In addition, Leedarson has an interest in timely resolving this action for noninfringement and invalidity so that it has certainty regarding its legal rights. *See Hi-Tech Pharms. Inc. v. Dynamic Sports Nutrition, LLC*, No. 1:16-CV-949-MHC, 2016 WL 9454418, at \*12 (N.D. Ga. Dec. 28, 2016). Additionally, and contrary to DSAE's position, a stay will not "simplify matters by allowing the Ohio Action to resolve or narrow the issues presented here." Br. at 13. This is the more relevant and efficient forum. Additionally, the status of discovery and a trial date (factors three and four) have no bearing on the stay analysis here as discovery has not begun in either case, nor has a trial date been set.

Accordingly, the Court should not stay this case as this action is the only one that will efficiently resolve the manufacturer-driven issues at the core of the dispute. Further, Leedarson's action is not reactive (Br. At 8), but rather an exercise of its right as manufacturer to defend itself. DSAE's cited cases are inapposite as they do not relate to manufacturer suits or the customer-suit exception.

### B. **DSAE Waived Personal Jurisdiction By Not Previously Challenging It, And Jurisdiction Is Proper Given DSAE's Enforcement Activities**

DSAE's belated argument that this Court lacks personal jurisdiction lacks merit. First, DSAE waived this argument by not making it in its initial motion to dismiss, despite it being available. Second, even if not waived, DSAE cannot credibly argue that it lacks personal jurisdiction when it physically visited this forum to present its patented technology, targeted multiple companies that have principal places of business in this District, and even litigated the '118 Patent here.

### 1.    DSAE waived personal jurisdiction by omitting it from its first Rule 12 motion.

Had DSAE felt jurisdiction was improper, it should have challenged it in its first motion to dismiss. It did not, choosing instead to challenge Leedarson's noninfringement and invalidity allegations. (Dkt. 23.) Accordingly, it waived its ability to challenge jurisdiction now.

A party that files a Rule 12 motion cannot make another Rule 12 motion raising a defense that was available but omitted from the earlier motion. Fed. R. Civ. P. 12(g)(2). Rule 12(b)(2) personal jurisdiction defenses are explicitly waived when they are omitted from the initial Rule 12 motion. Fed. R. Civ. P. 12(h)(1)(A). "Rule 12(b) defenses [are] to be raised in a single, consolidated motion rather than in multiple or successive motions." *CGHH, LLC v. Cesta Punta Deportes, S.A. de C.V.*, No. 1:05-CV-1343-RWS, 2006 WL 8430970, at *2 (N.D. Ga. Mar. 31, 2006). Thus, where defendants were "aware of the objections to personal jurisdiction" raised in a successive motion, and where defendants "could have objected to the exercise of

11

personal jurisdiction" in their first motion, such defenses are "forever waived." *Id.* at *2–3. Accordingly, DSAE's 12(b)(2) challenge is forever waived.

This is true even though Leedarson filed its FAC, as "the filing of an amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint" and does so only "when the amended complaint changes the theory or scope of the case." *Herman v. Wachovia Bank, N.A.*, No. 1:08-CV-3850-CAP, 2012 WL 12943047, at *6–7 (N.D. Ga. Mar. 29, 2012) (quoting *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1203 (11th Cir. 2011)); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1388 (3d ed. 2004). Leedarson's FAC did not add any details related to jurisdiction over DSAE. FAC, Dkt. 24. Thus, the defenses were available in Defendant's previous motion to dismiss, and DSAE cannot challenge personal jurisdiction now.

### 2.    DSAE's in-person presentations and targeting of companies based here establish jurisdiction.

Even if DSAE did not waive its 12(b)(2) challenge, its arguments still lack merit. DSAE focuses on a single July 2025 demand letter (Br. at 4, 15), obscuring the extent of its communications with Leedarson and Home Depot involving the Patents-in-Suit. *See* Br. at 4. DSAE participated in in-person meetings with Home Depot in Atlanta and targeted both Home Depot and Leedarson, who are based in this District, in multiple communications. FAC, Ex. 3, ¶¶ 46–57; Br. at 5; Customer Suit, Dkt. 25 at 5. It, thus, cannot credibly claim this Court lacks jurisdiction.

Personal jurisdiction exists over an out-of-state defendant when (1) a forum state's long-arm statute permits service of process and (2) the assertion of personal jurisdiction would not violate due process. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). DSAE appears not to dispute the first inquiry; which has been met because DSAE has transacted at least some business in Georgia. *Hi-Tech Pharm. Inc. v. Dynamic Sports Nutrition, LLC*, No. 1:16-CV-949-MHC, 2016 U.S. Dist. LEXIS 192935, at *13 (N.D. Ga. Dec. 28, 2016); *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.* 593 F.3d 1249, 1261 (11th Cir. 2010). For the second inquiry, Federal Circuit law governs, which considers whether (1) the defendant "purposefully directed" its activities at residents of the forum; (2) the claim "arises out of or relates to" the defendant's activities with the forum; and (3) assertion of personal jurisdiction is "reasonable and fair." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (internal citations omitted). The first two factors speak to "minimum contacts," while the third corresponds to "fair play and substantial justice," where the burden of proof is on the defendant to demonstrate other considerations that render jurisdiction unreasonable. *Id*.

In assessing a motion to dismiss, courts typically consider the complaint, documents attached and/or referenced in the complaint, and/or judicially noticed facts. *Jones v. Pulte*, No. 1:23-CV-01228-SEG, 2024 WL 2729713, at *2, n. 3 (N.D. Ga. Mar. 27, 2024). In assessing jurisdiction, courts are permitted to consider facts

13

outside the complaint where there are factual challenges. *See Whetstone Indus., Inc. v. Yowie Grp., Ltd.*, No. 3:17-CV-1286-J-20JRK, 2018 WL 4194065, at *2 (M.D. Fla. July 25, 2018) (citing *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)); *Philips Med. Sys. (Cleveland), Inc. v. Buan*, No. 19 CV 2648, 2021 WL 83736, at *2 (N.D. Ill. Jan. 11, 2021) ("It is well-settled that the court is not cabined to the four corners of the complaint when evaluating a motion to dismiss for lack of personal jurisdiction"); *see Dileng v. Comm'r of Internal Revenue Serv.*, 157 F. Supp. 3d 1336, 1340 (N.D. Ga. 2016) (12(b)(1) context).

When all relevant factors are considered, this Court has jurisdiction.

> **a.  DSAE's visits to, sending of enforcement communications to, and targeting of companies based in this forum establishes minimum contacts.**

DSAE's argument that it lacks minimum contacts with this jurisdiction should fail. DSAE focuses on its sales, a single demand letter, and the fact that it did not voluntarily file the Cooper Lighting case here but rather was forced to transfer it. Br. at 14–17. But this ignores the extent of its pre-suit communications.

First, DSAE has made at least one, and potentially more, visits to this forum. FAC, Ex. 3, ¶¶ 46–57; Br. at 5; Dkt. 28-3; Customer Suit, Dkt. 25 at 5. In particular, DSAE has not disputed that it gave presentations to a Home Depot employee in Atlanta. *See* Customer Suit, Dkt. 22 at 2, Dkt. 25. This is essential to the analysis as "in-person visits to the forum" such as to "demonstrate the technology underlying

the patent" are "significant contacts in the declaratory judgment context." *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1354 (Fed. Cir. 2017); *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1155 (Fed. Cir. 2021). The Court can consider this evidence, as it is incorporated by reference either into the FAC, its exhibits, the other litigations it references, and/or in DSAE's factual challenges, but to the extent the Court disagrees, Leedarson respectfully seeks leave to amend and/or to allow it to conduct jurisdictional discovery, where it expects to uncover further details on these pre-suit communications. *See* Dkts. 29, 32. If granted, Leedarson reserves all rights to supplement this opposition.

Additionally, DSAE directed enforcement communications to this forum. This not only includes the July 2025 demand letter but also continued correspondence with Home Depot and Leedarson representatives before DSAE filed suit in January 2026, as explained in the FAC's attached S.D. Ohio complaint. FAC, ¶¶ 2, 13; FAC, Ex. 3, ¶¶ 71–73; FAC, Ex. 4. There is no bright line rule that patent enforcement letters can never provide a basis for declaratory injunction. *Trimble*, 997 F.3d at 1155. *Trimble* held the Northern District of California had personal jurisdiction over a Texas company that accused a California company of patent infringement via letter and continued to communicate for approximately three months, going far beyond "solely ... informing a party who happens to be located [in California] of suspected infringement." *Trimble*, 997 F.3d at 1157. Like the three-

15

month communication period in *Trimble*, the months of communications here extend far beyond the isolated communications in DSAE's cited case, *Red Wing*.

DSAE also previously targeted both Home Depot and Cooper Lighting, which is also headquartered in this District, and asserted the '118 Patent against them. FAC, ¶ 11; *see generally* Cooper Lighting Case. DSAE argues that it did not initially file its Cooper Lighting case in this District and that it was transferred here, but all that establishes is that it has already unsuccessfully tried to avoid this forum. By targeting Georgia-based companies such as Home Depot, Cooper Lighting, and Leedarson America, DSAE has directed its enforcement activities to this District. And while DSAE argues that much of these enforcement activities involve "third parties," they involve the same Patent-in-Suit, and many involve Leedarson's Accused Products.

Moreover, DSAE's placement of products into the stream of commerce supports jurisdiction. FAC, ¶¶ 8, 11. Courts have held that a defendant placing a product into the stream of commerce may provide the basis to establish specific personal jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 *1980); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994). Specific jurisdiction is proper if a defendant's conduct and connections with the forum are such that they should have reasonably anticipated being brought into court there, as is the case here. *Beverly Hills Fan*, 21 F.3d at 1566.

Finally, Rule 4(k)(2) applies because DSAE is a Canadian defendant. In arguing otherwise, DSAE has not offered an alternative appropriate jurisdiction; to the extent there is a forum with general jurisdiction over DSAE, that forum is M.D. FL., as DSAE has an office in Boca Raton, FL. This supports jurisdiction in at least the Eleventh Circuit and further supports this forum is convenient for DSAE.

### b.    Exercising jurisdiction is reasonable.

DSAE does not appear to argue that there are any considerations that would render the exercise of jurisdiction unreasonable. That is because it is reasonable and, in fact, has already been done. *See* Cooper Lighting case. In addition, litigating here would be fair and convenient because many of the relevant witnesses and evidence are located in this District and DSAE even has a U.S. office nearby in Boca Raton, FL. Dkt. 22 at 7–15. Moreover, had DSAE sued Leedarson America for patent infringement in the United States, it would have been required to file the suit in the Northern District of Georgia. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517-18 (2017). Accordingly, jurisdiction here is proper.

### C. <u>There Is a Justiciable Controversy Because DSAE Accused Leedarson's Products and Seeks Relief Reaching Manufacturers</u>

DSAE argues that there is no subject matter jurisdiction for Leedarson America and Leedarson Thailand due to lack of justiciable controversy.[6] This is

---

[6] DSAE does not dispute that there is a justiciable controversy as to Leedarson Lighting Co., Ltd. and its Rule 12(b)(1) argument cannot dismiss the FAC entirely.

incorrect. DSAE's pre-suit communications and Complaint implicate manufacturers of the Accused Products and thus establish a controversy.

"[W]here a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise . . . ." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). As DSAE concedes, a supplier may establish a controversy "if the patentee has at least implicitly asserted the supplier's own activity infringes." Br. at 17 (citing *Arris Grp., Inc. v. Brit. Telecommunications PLC*, 639 F.3d 1368, 1375–76 (Fed. Cir. 2011)). This occurs, when, for example, the infringement allegations for the customer are based on selling "an allegedly infringing system in which a supplier's product functions as a material component" or "their use of the supplier's product in the performance of the claimed method." *Arris*, 639 F.3d at 1375–76. This is exactly the case here.

Here, DSAE has made implicit, if not explicit, assertions against Leedarson America and Leedarson Thailand. DSAE accuses Home Depot of infringing its patents based solely on its sale of Leedarson's products, and its Complaint names Leedarson's manufacturing activity, seeks information on manufacturing and suppliers, and seeks an injunction against Home Depot's "affiliates," "those in active concert and participation" in making the Accused Products, "as well as others

18

distributing or selling the Accused Products to the public and/or retailers . . . ." FAC, ¶¶ 2–3, 13, 17–18, 21, 40; FAC, Ex. 3, ¶¶ 18, 69 and Prayer of Relief, ¶¶ 2, 6–8. DSAE essentially seeks to enjoin all manufacturers, including Leedarson.

Moreover, DSAE explicitly identified Leedarson America as a manufacturer of the Accused Products in its demand letter. FAC, ¶¶ 2, 17; FAC, Ex. 3. Thus, it created a controversy as to whether Leedarson America infringes the Patents-in-Suit. Additionally, DSAE's Complaint accuses products "manufactured in Thailand." FAC, Ex. 3, ¶¶ 18. These are manufactured by Leedarson Thailand. While DSAE argues it has "directed any communications" to Leedarson Thailand (Br. at 17–18), DSAE's own cited case, *Microsoft*, explains that "direct threats against declaratory plaintiff" are not necessary and that "a patentee's aggressive enforcement strategy" can also support jurisdiction. *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 906 (Fed. Cir. 2014).[7] That is the case here, where DSAE seeks relief against all manufacturers generally in its Customer Suit and where it has previously asserted the '118 Patent against many others. DSAE's other cited case, *Arris*, supports jurisdiction is proper because Leedarson's product is a "material component"—in fact the entire component—of the alleged infringement and has "good reason to fear" liability due to DSAE's allegations. *Arris*, 639 F.3d at 1381. Thus, there is a controversy.

---

[7] *Microsoft* only found a lack of justiciable controversy for certain patents where there were divided infringement issues. *See Microsoft*, 755 F.3d at 903–05. That is not the case here.

Thus, DSAE's Rule 12(b)(2) defense fails. If the Court disagrees, it should grant jurisdictional discovery into DSAE's communications with Home Depot and other manufacturers, and allow Leedarson to supplement this opposition. Dkt. 29.

**D. The FAC Easily Satisfies Rule 8 Because It Provides Detailed Invalidity Theories and Fair Notice of All Claims**

DSAE asserts Leedarson has failed to state a claim that the Asserted Patents are invalid.[8] But Leedarson' invalidity claims do not rest on statutory recitations as DSAE incorrectly asserts. They exceed the fair notice required to survive Rule 12(b)(6), identifying prior art and describing how it invalidates the claims.

**1.    Pleading invalidity requires only fair notice.**

Invalidity claims are sufficient to survive Rule 12(b)(6) if they give notice of the invalidity grounds. *Hi-Tech Pharms. Inc. v. Dynamic Sports Nutrition, LLC*, No. 1:16-CV-949-MHC, 2016 WL 9454418, at \*11–13 (N.D. Ga. Dec. 28, 2016). Historically, this District has had a low bar for pleading invalidity where alleging "only [its] statutory bases" was enough. *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 1:10-CV-3008-AT, 2011 WL 5829674, at \*3 (N.D. Ga. Aug. 1, 2011); *Adair v. Boat Dock Innovations, LLC*, No. 1:12-CV-1930-SCJ, 2013 WL 1859200, at \*2 (N.D. Ga. Feb. 27, 2013). The rationale was (1) Rule 8's "short and plain" statement and "fair notice" purpose, (2) the fact that the pleading standard for

---

[8] DSAE does not dispute that Leedarson has stated a claim for noninfringement and thus, its Rule 12(b)(6) argument cannot dismiss the FAC entirely.

20

invalidity should not be more stringent than the pleading standard for infringement, and (3) the fact that the District's Patent Local Rules requiring invalidity contentions renders further factual pleading unnecessary. *Graphic*, 2011 WL 5829674, at *3–5.

Recognizing this low bar, DSAE disregards all Georgia authority, arguing that Form 18's abrogation has "eliminated the sole rationale" on which it relies. Br. at 20–22. To mend the hole it creates, DSAE patches together cases from other jurisdictions to suggest that there is now a heightened invalidity pleading standard Leedarson has not met. Br. at 20–22. This analysis opens with an extended argument on why merely reciting statutory bases is no longer sufficient, which even if correct, distracts from the fact that Leedarson's FAC does not do this. DSAE then posits requirements such as element-by-element mapping and detailed motivations to combine, which its cited cases do not support. In any event, this Court's reasoning relying on Rule 8, the infringement standards for comparison, and the Patent Local Rules remains sound. Form 18's abrogation affects, at most, infringement pleading. But even post-abrogation, "pleading infringement does not require an element-by-element mapping,"[9] so neither should pleading invalidity. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021).

Critically, despite pulling from multiple jurisdictions, DSAE identifies no

---

[9] As DSAE should know, as its Complaint does not, for example, explicitly map the Accused Products to the claimed twist connector. *See* FAC, Ex. 3 at ¶¶ 94–107.

authority supporting that Leedarson's explicit prior art identifications are insufficient. Should this Court look to other jurisdictions, they support the opposite—that listing prior art suffices. *Shunock v. Apple, Inc.*, 738 F. Supp. 3d 371, 382 (S.D.N.Y. 2024); *E-Link Plastic & Metal v. Mossime*, No. 23 CV 16802, 2024 WL 5444302, at *1 (N.D. Ill. Dec. 2, 2024); *Anthem Sports, LLC v. Under the Weather, LLC*, 320 F. Supp. 3d 399, 411 (D. Conn. 2018); *The Beer Barrel, LLC v. Deep Wood Brew Prod., LLC*, No. 2:16-CV-00440-DN-BCW, 2016 WL 5936874, at *6 (D. Utah 2016); *PetEdge, Inc. v. Marketfleet Sourcing, Inc.*, No. CV 16-12562-FDS, 2017 WL 2983086, at *4 (D. Mass. July 12, 2017). Thus, even if unsettled, this Court's bar for pleading invalidity remains low. *See Hi-Tech Pharms. Inc.*, No. 1:16-CV-949-MHC, 2016 WL 9454418, at *11–13.

### 2. Leedarson's descriptions of prior art exceed fair notice.

DSAE's attacks on Leedarson's invalidity claims are without merit. First, DSAE's discussion about merely reciting statutes is irrelevant because the FAC identifies multiple prior art references and describes how they render the claims invalid, often dedicating an entire paragraph to a single reference. FAC ¶¶ 29, 32–35, 48, 52–52. This exceeds the fair notice requirement, and as explained above, exceeds what is sufficient in many jurisdictions, even post-abrogation of Form 18.

Second, DSAE assertions that the FAC's allegations are insufficient are legally unfounded and ignore the express allegations presented in the FAC. For

example, DSAE attacks the FAC because Leedarson does not map a single prior art reference to every limitation. Br. at 21. But, as explained above, this is not required. Similarly, DSAE asserts that Leedarson does not "plead[] facts establishing that they predate the priority dates" of the Asserted Patents. Br. at 22. But this is also incorrect. Leedarson's FAC refers to "one or more *prior art* references" (i.e., references that pre-date the patents), specifically pleads that the prior art "was launched before the earliest claimed priority date" (e.g., FAC ¶ 51), and refers to prior art dates in footnotes (e.g., the "SMDApril 2017 Spec Sheet" which predates the Asserted Patents). The dates of these references are also apparent from the references themselves.[10] Accordingly, Leedarson's identification of prior art is sufficient.

DSAE's assertion that the invalidity claims should be dismissed because the FAC does not articulate a motivation to combine, is unsupported by DSAE's own-cited cases and factually incorrect. First, DSAE's cited cases did not dismiss due to insufficient motivation to combine. *See* Br. at 22 (citing *Cleversafe, Inc. v. Amplidata, Inc.*, 2011 WL 6379300 (N.D. Ill. Dec. 20, 2011); *Groupon, Inc. v. MobGob LLC*, 2011 WL 2111986 at *1, 5 (N.D. Ill. May 25, 2011)). Second, and

---

[10] While DSAE argues they are not attached (Br. at 21–22), they do not need to be as they are publicly available and central to Leedarson's claims. *Simmons v. Viar*, No. 1:23-CV-03300-JPB, 2024 WL 6980606, at *1 (N.D. Ga. Dec. 27, 2024); *see Shunock v. Apple, Inc.*, 738 F. Supp. 3d 371 (counterclaims sufficient); *Shunock v. Apple, Inc.*, Case 1:23-cv-08598-JLR-SLC (Filed November 16, 2023), Dkt. 14 (counterclaims without prior art attached). If the Court disagrees, Leedarson seeks leave to amend to attach them.

23

regardless, Leedarson's FAC alleges that combining conventional prior-art elements was "an obvious-to-try matter of design choice" and identifies an explicit motivation to "streamline retailer inventory." FAC ¶¶ 16, 30, 49; FAC ¶ 51 (alleging obvious to combine because same product line). This satisfies fair notice standards.

### 3. The § 101 and § 112 allegations satisfy fair notice.

DSAE's arguments attacking Leedarson's §§ 101 and 112 allegations likewise fail as Leedarson again exceeds fair notice, dedicating a paragraph for each theory to explain why the claims are invalid. FAC ¶¶ 30–31, ¶¶ 49–50. DSAE's sole argument attacking the § 101 allegations is that its patent claims describe "a tangible mechanical apparatus." Br. at 22. But claims directed to "tangible machines and manufactures" do not per se render them eligible. *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1276–77 (Fed. Cir. 2012). Taking the FAC's allegations as true, the Patents-in-Suit are directed to patent-ineligible, abstract installation methods. FAC ¶¶ 30, 49. While DSAE asserts that Leedarson's §112 claims should be dismissed, it provides no argument as to why. There is none.

At base, DSAE is on notice of Leedarson's invalidity grounds, which is all that is required at the pleading stage. Leedarson's allegations are plausible on their face, and Leedarson's identification of prior art shows that there is "a reasonable expectation that discovery will reveal evidence." *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). Thus its invalidity allegations should not be

24

dismissed. Should the Court disagree, Leedarson requests leave to amend.

### 4. DSAE has fair notice of Leedarson's other claims.

Contrary to DSAE's assertions, the FAC is not a shotgun pleading; it separates claims, identifies specific patents, products, and prior art, and provides clear notice of the factual and legal bases for its allegations. If the Court believes that Leedarson's incorporation of all preceding paragraphs is improper, as DSAE suggests, Leedarson seeks leave to amend. Leedarson's FAC also provides fair notice that the enforceability of the Patents-in-Suit is at issue, and alleges facts bearing on that question, including DSAE's prior enforcement of the '118 Patent, which shows that DSAE is asserting a patent it knows is invalid and does not read on the Accused Products. *See* FAC, ¶ 11. DSAE's prior enforcement also shows that it knows suit in this forum is proper. While Leedarson expects to uncover more facts surrounding DSAE's pre-suit investigation and bad faith, to the extent the Court concludes additional particularity is required, Leedarson requests leave to amend. Moreover, the propriety of the requested anti-enforcement injunction is a remedies question that is not properly resolved on a Rule 12(b)(6) motion testing the sufficiency of claims, as this is not a cause of action to the FAC.

## V.    CONCLUSION

Leedarson respectfully requests that the Court deny Defendant's Motion.

Respectfully submitted this 22nd day of June, 2026

/s/ Katherine Cappaert
Katherine Cappaert (admitted *pro hac vice*)
John Caracappa (admitted *pro hac vice*)
Stanley Kuo (admitted *pro hac vice*)
Lisa Pach (Georgia Bar No. 268428)
Attorneys for Plaintiffs Leedarson Lighting
Co., Leedarson America, Inc., and
Leedarson IoT Technology (Thailand) Co.,
Ltd.

Steptoe LLP
330 Connecticut Ave NW
Washington, DC 20036
Telephone: (202) 429-3000
lpach@steptoe.com
jcaracappa@steptoe.com
skuo@steptoe.com
kcappaert@steptoe.com

Jay L. Strongwater
Strongwater & Associates
Georgia Bar No. 688750
One Midtown Plaza, Suite 910
Atlanta, GA 30309
jls@strongh2o.com

*Attorneys for Plaintiffs Leedarson America,
Inc., Leedarson Lighting Co., Ltd., and
Leedarson IoT Technology (Thailand) Co.,
Ltd.*

26

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) double-spaced between lines and prepared in 14-point Times New Roman type font.

This 22nd Day of June, 2026

*/s/ Katherine Cappaert*
Katherine D. Cappaert
Admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing document on all counsel of record by electronic email via CM/ECF.

This 22nd day of June, 2026

*/s/ Katherine Cappaert*
Katherine D. Cappaert
Admitted *pro hac vice*